UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JEREMY BROWN,

    Petitioner,

v().                                          3:04-cr-137
                                              3:13-cv-012

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the United States Attorney shall not be required to file a response to the § 2255 motion at this time and petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion should not be dismissed as untimely.

Petitioner was convicted, upon his plea of guilty, to robbery and firearm charges. By judgment entered July 22, 2005, he was sentenced to an effective term of imprisonment of 209 months. He did not appeal. On November 4, 2011, petitioner filed a motion for reduction of sentence and the motion was denied on January 30, 2012. Petitioner filed his § 2255 motion on January 7, 2013.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Because he did not file a notice of appeal, petitioner's judgment of conviction became final on August 5, 2005, which was ten days after entry of the judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."). Accordingly, petitioner had until August 5, 2006, within which to file his § 2255 motion. Under the circumstances, petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion is not barred by the one-year statute of limitation.

    **ENTER:**

                                                                  s/ Thomas W. Phillips
                                                          United States District Judge